**E-FILED**
Wednesday, 03 September, 2008  10:08:17 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Maria Alfano and Frank Alfano, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  07-1297 |
| | ) | |
| CITY OF SPRING VALLEY, Illinois, | ) | |
| an Illinois Local Government Entity, | ) | |
| JAMES NARCZEWSKI, Mayor of the | ) | |
| City of Spring Valley in his individual | ) | |
| capacity, LENA MAUTINO, individually, | ) | |
| JOHN R. WIDMAN d/b/a Widman | ) | |
| Excavating, individually, and | ) | |
| AUTO OWNERS INSURANCE CO. | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on

Defendants' motions to dismiss (d/e's 20, 21, 30).

### Standard

When considering a motion to dismiss for failure to state a claim

under Fed. R. Civ. P. 12(b)(6), or challenges to the court's subject matter

jurisdiction under Fed. R. Civ. P. 12(b)(1), the court takes the allegations in

the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004).

To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted).  However, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ." Id., *quoting* Bell Atlantic, 127 S.Ct. at 1965, 1973 n. 14. "Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'" Killingsworth v. HSBC Bank Nevada, 507 F.3d 614, 618 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1974.

## Effect of Amended Complaint

Plaintiffs' Amended Complaint (d/e 19) pursues claims against Auto Owners Insurance Company ("Auto Owners"), but does not restate the claims against any of the original defendants.  Defendants assert they should therefore be dismissed as defendants since there are no longer any claims against them.  Plaintiffs' counsel responds that he ". . . saw no reason to reiterate the claims in the original complaint . . ." since it is clear those claims are still being pursued.  (d/e 23, p.2, n.1).

> [W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward. *See Carver v. Condie*, 169 F.3d 469, 472 (7th Cir.1999). Because a plaintiff's new complaint wipes away prior pleadings, the amended complaint opens the door for defendants to raise new and previously unmentioned affirmative defenses.

Massey v. Helman, 196 F.3d 727, 735  (7th Cir. 1999).  The reason for this rule is not to make unnecessary work for plaintiffs, but instead to create a clear and readily discernible record regarding what claims are pending against which defendants.

The Amended Complaint could therefore be dismissed without prejudice to refiling a Complaint that contains all the claims.  However, in the interest of avoiding continued and unnecessary delay and moving the

case along, the Court will consider the allegations in both the original and amended complaint together.[1]

## Allegations

Plaintiff Maria Alfano owns an apartment building in Spring Valley, Illinois.  Her husband, also a plaintiff, helps manage the building. Defendant Mautino owns a neighboring building, part of which shares a common wall with Plaintiff's apartment building.  Defendant Narczewski is the Mayor of Spring Valley and also the Liquor Commissioner.

Defendant Mautino sought to tear down her building and put in its place a concrete pad and roof, for a beer garden.  Mautino told Narczewski of her plans, and Narczewski agreed to allow her to tear down her building and construct the beer garden without complying with local ordinances, which required the Building Commissioner's approval and a demolition permit.  Narczewski also guaranteed Mautino that she would receive a liquor license for the beer garden, despite her bypass of the building codes and failure to meet other requirements for a liquor license.  Narczewski agreed to this, it is alleged, because he "viewed an association with

---

[1]Despite the holding in <u>Massey</u>, the logic to this approach will become apparent when the undersigned makes his final recommendations concerning the Amended Complaint.

Mautino as [politically] advantageous . . ." in light of her marriage to an Illinois State Representative.  (Complaint para. 12(B)).

"Under the agreement" with Narczewski, Mautino contracted with Defendant Widman, d/b/a Widman Excavating, to excavate her building. (Complaint para. 16-17).  The Building Commissioner did not approve of this demolition nor was a building permit obtained.  Nevertheless, Widman proceeded with tearing down "portions of the wall," despite being told that the wall provided support to Plaintiff's building, and despite Widman's own knowledge that the excavation would damage Plaintiff's building and likely make it uninhabitable.  (Complaint paras. 20-21).  Mautino's employees tore down the rest of the wall and part of Plaintiff's roof.  As a result, Plaintiff's building was rendered a hazard and uninhabitable because of the risk of collapse.  Anyone on Mautino's property was also subjected to that same risk, by reason of their proximity to Plaintiff's building.

After the excavation, Narczewski immediately informed Plaintiffs' attorney that Plaintiffs needed to repair their building, and, that "they would have problems if they attempted to reoccupy the building."  (Complaint para. 25).   Subsequently, Spring Valley's Building Inspector charged Plaintiffs with violating the building code and demanded that they repair the

damage caused by the excavation.  Meanwhile, Narczewski granted
Mautino a liquor license for her beer garden, despite her noncompliance
with city ordinances and despite the dangerous condition of her property
because of its proximity to Plaintiff's building.

In their original Complaint (d/e 1), Plaintiffs pursue the following
constitutional claims against the City, Narczewski, and Mautino, pursuant
to 42 U.S.C. Section 1983:   Fourth Amendment claim for unreasonable
seizure; Fifth Amendment takings claim; Fourteenth Amendment
substantive due process claim; and Fourteenth Amendment equal
protection claim.  Plaintiffs allege that Narczewski is a final policy maker for
the City of Spring Valley, both as Mayor and Liquor Commissioner and that
his actions amounted to a policy attributable to the City.  Plaintiffs further
allege that Defendant Mautino "was acting under color of state law by virtue
of her express agreement with . . . Narczewski . . . ."  (Complaint,
d/e 1, para. 7).  Plaintiff's further assert that the City is directly liable for
Narczewski's policy actions and also required to indemnify him under
745 ILCS 10/9-102.

The original Complaint also pursues state claims against Mautino and Widman for negligent and willful/wanton trespass and destruction of property, and against Narczewski, apparently under a theory of *respondeat superior.*  (Complaint para. 40)(Narczewski is liable under the theory of *respondeat superior*  "for Mautino's performance of his unlawful agreement and conspiracy with her. . . as a co-conspirator under the common law tort liability imposed on co-conspirators.").  Plaintiffs seek over $200,000 for loss of the building and profits therefrom, as well as punitive damages and attorneys fees and expenses.  (Complaint para. 46).

On April 24, 2008, Plaintiffs filed an Amended Complaint (d/e 19), but as previously noted, Plaintiffs' claim does not replace their original Complaint in its entirety.  The Amended Complaint adds Auto Owners Insurance Company as a defendant and pursues a breach of contract claim against Auto Owners.  According to the allegations, Plaintiff complied with all terms of the insurance policy but  "Auto Owner's has refused to pay the $48,278 due under its policy of insurance" for Plaintiffs' losses resulting from the damaged building.  (d/e 19, para. 14).

## Analysis

### I.  Plaintiffs' claim under the takings clause of the Fifth Amendment is not ripe.

The parties do not dispute that the destruction of Plaintiff's building amounts to a "taking" under the Fifth Amendment, so the Court assumes it does for purposes of this Recommendation.  "The Takings Clause of the Fifth Amendment provides that 'no private property [shall] be taken for public use, without just compensation' . . . ."  Peters v. Village of Clifton, 498 F.3d 727, 731 (7th Cir. 2007)(brackets in original)(*citing* Fifth Amendment).

The City[2] contends that the takings claim must be dismissed for failure to exhaust state remedies.   Though Plaintiffs seem to quarrel with the term "exhaustion," they do not dispute that when private property is taken for public use, a plaintiff cannot pursue a claim under the ". . . Just Compensation Clause until he has sought and been denied compensation under available state court procedures."  Peters v. Village of Clifton, 498 F.3d 727, 731 (7th Cir. 2007)(citation omitted).  Takings claims masquerading under different labels are still subject to the ripeness

---

[2]The Court refers to Narczewski and the City of Spring Valley collectively as "the City."

requirement.  Discovery House, Inc. v. Consolidated City of Indianapolis,

319 F.3d 277, 281-82 ("Were the [equal protection] claim a takings claim or

one based on substantive or procedural due process, it would be subject to

requirements somewhat unusual for a § 1983 claim-the ripeness

requirements set out in Williamson).[3]

Plaintiffs try to avoid the ripeness requirement by characterizing the

taking as one for *private use,* which they contend is immediately actionable

under the Fifth Amendment without first repairing to state court.  (d/e 12).

To the contrary, the Seventh Circuit has stated that, "even where a state

takes property for 'a purely private rather than a public use,' on 'takings and

due process claims, [a plaintiff] first must show that it has availed itself of

state court remedies.'" Forseth v. Village of Sussex, 199 F.3d 363,

369-70 (7th Cir. 2000)(brackets in Forseth)(*quoting* Covington Court, Ltd. v.

Village of Oak Brook, 77 F.3d 177 (7th Cir.1996)(same for substantive due

process claim that was, in effect, takings claim); Daniels v. Area Plan

Com'n of Allen County, 306 F.3d 445, 453 (7th Cir. 2002)("Unlike some

circuits, this Circuit has consistently maintained a strict requirement that

---

[3]*See, e.g.,* McKenzie v. City of Chicago, 118 F.3d 552, 556 (7th Cir.1997)( "If
Chicago errs and razes a building without proper notice, or wrecks a structure that does
not fit the terms of the [Fast Track demolition] law, it opens itself to an inverse
condemnation action.").

Takings Clause litigants must first take their claim to state court even when

plaintiffs, . . . are alleging a taking for private purpose.").

Plaintiffs also contend that they are not required to pursue state

remedies because those remedies are inadequate.  They seem to assert

that they are entitled to more than the just compensation allowed under

state remedies because their property was taken for private, not public,

use.  (d/e 13, p. 10).  They argue that "[a] state tort action would not be

limited to the amount of just compensation.  Their remedy is a Section

1983 action under the Fifth Amendment for the government's taking their

property for private use."  Id.   The Court does not understand this

argument, particularly given that Plaintiffs pursue state torts here.  *See also*

735 ILCS 30/10-5-5 and case annotations (no private property shall be

taken or damaged for public use without just compensation); Department of

Public Works and Buildings v. Farina, 29 Ill.2d 474, 477 (1963)(private

property cannot be taken for private use).  Plaintiffs do not discuss in any

detail what their state remedies are much less why those remedies are

inadequate. In short, Plaintiffs do not offer any legal support for their

conclusion that they should not be required to pursue their state remedies

before asserting a federal takings claim.  Accordingly, the Court will

recommend that the takings claim be dismissed because it is not ripe.

## II.    A Fourth Amendment claim cannot be ruled out at this point.

The City argues that injury to Plaintiffs' property is not a "seizure" under the Fourth Amendment, citing a case where a Fourth Amendment unreasonable seizure claim based on an officer's excessive force was dismissed because the plaintiff had not been "seized"–the officer hit the plaintiff and then drove away.  McCoy v. Harrison, 341 F.3d 600, 605-606 (7th Cir. 2003)**.**  The City surmises that if physical injury to a person is not a "seizure," then injury to property is not a seizure.

The Court does not see how McCoy is helpful here.  McCoy demonstrates that injury to a person is not actionable under the Fourth Amendment unless the person was seized when the injury occurred. McCoy is only relevant here to the extent that it stands for the proposition that a "seizure" must occur for the Fourth Amendment to apply, not for the proposition that an injury is not a seizure.

Contrary to the City's assertion, damage to property can amount to a seizure for Fourth Amendment purposes.  "A 'seizure' of property, . . ., occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" Soldal v. Cook County, Illinois,

506 U.S. 56, 61 (1992)(removal of and damage to mobile home amounted

to seizure); Pepper v. Village of Oak Park, 430 F.3d 805, 809

(7th Cir. 2005)(permanent taking of television and damage to couch

qualified as seizure of personal effects); Freeman v. City of Dallas,

242 F.3d 642, n. 5 (5th Cir. 2001)(Fourth Amendment seizure of building

occurred where buildings were condemned and demolished by City as

urban nuisance).[4]

There are other problems with a Fourth Amendment claim[5], but the

Defendants do not argue them and the record is not clear enough to offer a

*sua sponte* recommendation.  Accordingly, the Fourth Amendment claim

---

[4]The Fourth Amendment does not "protect possessory interests in all kinds of property," Soldal, 506 U.S. 56, 63 n.7, but the City does not contend that the apartment building is not the kind of property covered by the Fourth Amendment.  Accordingly, for purposes of this Recommendation, the Court assumes that it is.

[5]For example, Plaintiffs' Fourth Amendment constitutional claim appears based on the Mayor's failure to follow/enforce City ordinances.  (Complaint paras. 35-37).  The Court does not see how the failure to follow required procedures to obtain a building permit amounts to a seizure under the Fourth Amendment.  *See also* McKenzie v. City of Chicago, 118 F.3d 552, 559 (7th Cir. 1997)(". . . the Constitution does not enforce state law.").  Further, if Plaintiffs are claiming that the destruction of their building itself was the seizure, the Court is not clear how that destruction was attributable to government action, rather simply to action by a private person (which would be actionable under state, not federal, law).  *See* Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998)("[M]ere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss."); Pepper v. Village of Oak Park, 430 F.3d 805, 809 (7th Cir. 2005)(Fourth Amendment does not apply to seizures by private individuals); Beasley v. Pelmore, 259 Ill.App.3d 513 (4th Dist. 1994)(defendant in sole control of demolition liable for damage to adjoining building on state claim); 59A Am. Jur. 2d Party Walls § 49 (removing attached or adjacent building).  Lastly, if the Fourth Amendment claim is really just a "re-labeled" takings claim, it seems that the Williams ripeness requirement would apply.

should remain in for further clarification of the applicable law and

development of the factual record.[6]

## III.  A claim based on the equal protection clause of the Fourteenth Amendment cannot be ruled out.

The City contends that Plaintiffs must allege "disparate treatment

based on their membership in a particular group" to state an equal

protection claim.  (d/e 12, p. 7).  An equal protection claim, however, may

also be based on a "class of one" theory (provided that it is not simply a

takings claim dressed up as an equal protection claim).  *See, e.g.,* Patel v.

City of Chicago, 383 F.3d 569, 573 (7th Cir. 2004); Forseth, 199 F.3d at

370-71 (discussing elements of class of one equal protection claim in

relation to land use).  Plaintiffs make it clear that they do pursue an equal

protection claim based on a class of one theory.  They allege, in effect, that

the Mayor irrationally and arbitrarily enforced the building codes against

them but not against Mautino, even though both properties now pose a

_____

[6]The Court also has concerns about how the alleged state court proceedings affect the ability or propriety of proceeding with the claims in this case.  According to Plaintiffs, there are two state cases already proceeding.  "Mautino is a party to a state court action involving neighbors .  .  . ." (Original Complaint para. 18), and the City "has brought a state court action against the Alfanos to enforce the building code Mayor Narczewski suspended during Mautino's demolition of her building." (d/e 13, p. 2; Original Complaint, d/e 1, para. 26-27).  *See* Tyrer v. City of South Beloit, 456 F.3d 744 (7th Cir. 2006)(upholding abstention in federal case regarding demolition in light of parallel state proceedings); McCullough v. City of Chicago, 971 F.Supp. 1247, 1253-54 (N.D. Ill. 1997)(abstaining from retaliation claims where state court actions to enforce housing code were pending).

hazard and thus are similarly situated.  Defendants do not address the

possibility of a class of one equal protection claim.  Accordingly, the Court

recommends that the equal protection claim remain in for further

development.

## IV.    Plaintiffs' claim under the substantive due process clause should remain for further clarification.

Plaintiffs maintain that the destruction of their building was "arbitrary

governmental conduct that violates the limits of substantive due process."

(d/e 13, p. 10).[7]

The Seventh Circuit has stated that "substantive due process should

not be called upon when a specific constitutional provision protects the

right allegedly infringed upon . . . ."  <u>Brokaw v. Mercer County</u>, 235 F.3d

1000, 1017 (7th Cir. 2000)(citation omitted); <u>Jewett v. Anders</u>, 521 F.3d

───────────────────

[7]Plaintiffs do not pursue a procedural due process claim.  *See, e.g.,* <u>Ostergren v. Village of Oak Lawn</u>, 125 F.Supp.2d 312, 319-322 (N.D. Ill. 2000)(granting summary judgment to defendants' on plaintiffs' procedural due process claim that they did not receive adequate notice and an opportunity to be heard before Village demolished their buildings); <u>McCullough v. City of Chicago</u>, 971 F.Supp. 1247 (N.D. Ill. 1997)(allegation of demolition without adequate notice pursuant to fast track law stated procedural due process claim).  A state actor's random and unauthorized deprivation of property does not give rise to a procedural due process claim if adequate state remedies exist.  <u>Gable v. City of Chicago</u>, 296 F.3d 531, 539-540 (7th Cir. 2002).  Plaintiffs, however, seem to allege that the Mayor's actions were both unauthorized and that he was enacting a City policy.  Since the plaintiffs do not pursue a procedural due process claim these issues are not before the Court.

818, 827 n. 9 (7th Cir. 2008)("The Supreme Court has cautioned that a substantive due process claim may not be maintained where a specific constitutional provision protects the right allegedly violated-. . .").  If the claim is "clearly within the ambit of those activities regulated by the Fourth Amendment, the Fourth Amendment provides the appropriate standard for evaluating the claim . . . ."  Belcher v. Norton, 497 F.3d 742, 754 (7th Cir. 2007).

Plaintiffs recognize this, stating that, if they have a Fourth or Fifth Amendment claim, their substantive due process claim is precluded.  They assert that they may pursue their substantive due process claim only if their Fourth and Fifth Amendment claims are dismissed.  (d/e 13, p. 10).

However, the Seventh Circuit has also stated that, "a plaintiff bringing a substantive due process claim predicated on deprivation of a property interest must show 1) that the state's decision was arbitrary and irrational, and 2) that the state committed a separate constitutional violation or that state law remedies are inadequate."  Contreras v. City of Chicago, 119 F.3d 1286, 1295 (7th Cir.1997)(other citations omitted); General Auto Service Station v. City of Chicago, 526 F.3d 991, 1000 (7th Cir. 2008) (to make out a substantive due process claim for deprivation of an interest

in property, "the property owner must first establish either an independent constitutional violation or the inadequacy of state remedies to redress the deprivation . . . ."), *citing* Lee v. City of Chicago, 330 F.3d 456, 467 (7th Cir. 2008).  Further, a substantive due process claim that "falls within the framework for a takings claim" is subject to Williams ripeness requirements.  Forseth, 199 F.3d at 370.

Considering these precedents together, the viability of a substantive due process claim based on the destruction to Plaintiffs' building seems highly remote if not foreclosed.

Nevertheless, it is not clear that Plaintiffs' substantive due process claim is based solely on property interests or solely on the Fourth Amendment.  The parties' briefs do not explore this claim in sufficient depth, which in the end appears to be only a different theory for relief based on the same facts.   In the Court's opinion, determination of which constitutional theories of relief are viable, if any, is better made on a more developed record and briefing.  The Court will therefore recommend that the substantive due process claim remain at this point.

## V.   Plaintiffs may seek indemnification from the City under 745 ILCS 10/9-102

"The Illinois Local Governmental and Governmental Employees Tort Immunity Act directs a local public entity 'to pay any tort judgment or settlement for compensatory damages ... for which it or an employee while acting within the scope of his employment is held liable.'"  Copeland v. County of Macon, 403 F.3d 929, 932 (7th Cir. 2005), *quoting* 745 ILCS 10/9-102.

The City argues the Illinois Tort Immunity Act "does not create causes of action that do not previously exist under common law." (d/e 12, p. 8). The Court does not understand how that principle affects the City's duty to indemnify under 745 ILCS 10/9-102.  If the City is saying that plaintiffs cannot personally avail themselves of this statute, abundant case law demonstrates otherwise.  *See, e.g.,* Copeland, 403 F.3d 929 (addressing plaintiff's § 10/9-102 indemnification claim and concluding that defendant was not acting in scope of employment); Carver v. Sheriff of LaSalle County, Illinois, 324 F.3d 947 (7th Cir. 2003)(county is necessary party in suit seeking damages from elected officer in official capacity because county must indemnify under 745 ILCS 10/9-102 and other state statutes).

The Court makes no Recommendation on the merits of the indemnification claim, but Plaintiffs may pursue one.

## VI.  Supplemental jurisdiction exists over the state law claims against Widman and Mautino[8].

In order for the District Court to preside over the state claims against Widman and Mautino, supplemental jurisdiction must exist.  The District Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  If supplemental jurisdiction does exist, the District Court may still decline to exercise it for one of the reasons enumerated in 28 U.S.C. § 1367(c).  Determinations of whether supplemental jurisdiction exists under 28 U.S.C. Section 1367(a) are reviewed *de novo.*  Groce v. Eli Lilly & Co., 193 F.3d 496, 499 (7th Cir. 1999).

28 U.S.C. Section 1367(a)

. . . codifies the principle that "the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of

---

[8]The City does not move for dismissal of the state claims, except with regard to the indemnification statute.

operative fact,' such that 'the relationship between [the federal claim] and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case."'"

Groce, 193 F.3d at 500, *quoting* City of Chicago v. International College of Surgeons, 522 U.S. 156, 164-65 (1997), *in turn quoting* United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).  "A loose factual connection between the claims is generally sufficient."  Ammerman v. Sween, 54 F.3d 423, 424-25 (7th Cir. 1995).

Plaintiffs sue Widman and Mautino for "willful and wanton or negligent" destruction and trespass in destroying Plaintiff's wall and rendering Plaintiff's building structurally unstable.[9]  (Complaint ¶ 38).  These state claims arise from many of the same set of facts as the federal claim –how the excavation was authorized, the lack of proper approval or permit, the excavation itself, and the manner in which the excavation was carried out.  These facts form part of the basis for both the federal and state claims. While the factual overlap is not exact, the Court believes that it is loosely connected enough to supply supplemental jurisdiction.  The Court therefore

---

[9]Mautino is named as a defendant in the federal claims, but Widman is not. Defendant Mautino has not filed a motion to dismiss.

believes that supplemental jurisdiction exists and no argument is made that it should be declined.[10]

## VII.  Supplemental Jurisdiction does not exist over the breach of contract claim against Auto Owners Insurance Company.

Plaintiffs' Amended Complaint (d/e 19) adds Auto Owners Insurance Company as a defendant and pursues a breach of contract claim against Auto Owners.  According to the allegations, "Auto Owner's has refused to pay the $48,278 due under its policy of insurance" for Plaintiffs' loss resulting from the damaged building.  (d/e 19, para. 14).  In order for supplemental jurisdiction to exist, this breach of contract claim against Auto Owners must be "so related" to the federal claims against the other defendants that it forms part of the same "case or controversy."  28 U.S.C. Section 1367(a).  The breach of contract claim must share a "common nucleus of operative fact" with the federal claims.

The Court agrees with Auto Owners that the breach of contract claim does not "derive from a common nucleus of operative fact" as the federal claims against the other defendants and would not be expected to be tried

---

[10]If the federal claims drop out later, supplemental jurisdiction may be declined under 28 U.S.C. Section 1367(c).  Thurman v. Village of Homewood, 446 F.3d 682, 687 (7th Cir. 2006).

in the same proceeding as the federal claims.  The claims proceeding in this case involve the authorization of the demolition by the Mayor, the bypass of the municipal code, the tortious manner in which Mautino and Widman carried out the demolition, and the Mayor's uneven enforcement of the building codes.  In contrast, the breach of contract claim against Auto Owners is based on Auto Owners' contractual duty, if any, to pay for the loss resulting from that excavation.  The facts relevant to the contract claim is the contract itself, whether Plaintiffs' complied with the contract's conditions, and whether Auto Owners has a duty under the contract to pay. *See, e.g.,* Tech Enterprises, Inc. v. Wiest, 428 F.Supp.2d 896, 902 (W.D. Wis. 2006)( breach of contract claim not based on same facts as federal claims for trademark infringement, unfair competition or false advertising); Berg v. BCS Financial Corp., 372 F.Supp.2d 1080, 1092-1095 (N.D. Ill. 2005)(no supplemental jurisdiction over breach of contract claim against separate party in ERISA action challenging denial of benefits).

Plaintiffs seem to assert that they will be able to collect from Auto Owners a judgment against Defendants in this case, making Auto Owners a necessary party to this action.  (d/e 33, p.8).  Plaintiffs do not explain how Auto Owners would be liable for a judgment against Defendants.  Auto

Owners is insuring Plaintiffs, not Defendants.  The Court does not see how Auto Owners is a necessary party under Fed. Rule Civ. P. 19.  In any event, Plaintiffs are not trying to join Auto Owners as a necessary party.

Plaintiffs also argue that Auto Owners will be able to seek recovery against Defendants for amounts Auto Owners decides to pay to Plaintiffs, through subrogation.  Plaintiffs therefore conclude that Auto Owners could intervene in this action or could be joined involuntarily.  (d/e 33, p. 8). These arguments are also red herrings and stray from the inquiry relevant to supplemental jurisdiction[11]: whether Plaintiffs' breach of contract claim against Auto Owners derives from the same nucleus of operative facts as the claims here.

WHEREFORE, the Court RECOMMENDS that the motion to dismiss by the City and Narczewski be granted in part and denied in part.  (d/e 20). The Court recommends dismissal of Plaintiffs' takings claim under the Fifth Amendment.  The court otherwise recommends that the motion be denied.

The Court FURTHER RECOMMENDS that the motion to dismiss by Defendant Widman for lack of supplemental jurisdiction be denied (d/e 21).

---

[11]Auto Owners does not seek to intervene.  Subrogation, if applicable, would be to Plaintiffs' current claims against Defendants, not to Plaintiffs' breach of contract claim against Auto Owners.

The Court LASTLY RECOMMENDS that the motion to dismiss by Defendant Auto Owners Insurance Company for lack of supplemental jurisdiction be granted (d/e 30) and that the Amended Complaint be dismissed, since that is the only claim set forth in the Amended Complaint (d/e 19).  The Court therefore recommends that this case proceed on the original Complaint (d/e 1).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:     September 3, 2008

*s/ Byron G. Cudmore*

_____

BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE