UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

MARIA ALFANO and FRANK ALFANO, )
Husband & Wife,                )
        Plaintiffs,         )
                               )
  v.                           )
                               )   Case No. 07-1297
CITY OF SPRING VALLEY, ILLINOIS, )
an Illinois Local Governmental Entity, )
JAMES NARCZEWSKI, Mayor of the )
City of Spring Bay in His Individual )
Capacity, LENA MAUTINO, Individually )
and JOHN R. WILDMAN d/b/a Widman )
Excavating, Individually, and AUTO- )
OWNERS INSURANCE COMPANY     )
        Defendants.         )

## O R D E R

On September 3, 2008, Magistrate Judge Byron G. Cudmore filed a Report & Recommendation in the above captioned case. Plaintiffs, who own an apartment building that shared part of a common wall with Defendant Mautino's building, allege that conduct of Defendants rendered Plaintiffs' building structurally unsound when Defendant Mautino demolished her building without complying with local ordinances. The Magistrate Judge sufficiently set forth the relevant facts and procedural history and they need not be restated here. Plaintiffs filed an objection to the Report & Recommendation on September 17, 2008.

**Ripeness of the Fifth Amendment's Takings Claim**

The parties do not dispute that the destruction of Plaintiffs' building amounts to a "taking" claim. Despite this agreement, the Magistrate Judge

recommended that the Fifth Amendment takings claim be dismissed due to lack of ripeness, because Plaintiffs failed to avail themselves of state court remedies. *See Peters v. Vill. of Clifton,* 498 F.3d 727, 731 (7th Cir. 2007). ("No constitutional violation occurs until just compensation has been denied.") (internal citation omitted). Further, the Seventh Circuit has stated "even where a state takes property for a purely private rather than a public use, on takings and due process claims, [a plaintiff] must first show that it has availed itself of state court remedies." *Forseth v. Vill. of Sussex,* 199 F.3d 363, 369-70 (7th Cir. 2000) (internal citations omitted).

Plaintiffs' Objection states:

"The Seventh Circuit has repeatedly ruled the ripeness restriction applies to claims for takings for private use. Judge Cudmore correctly follows those mandates in holding that completion of state remedies is a requirement before the federal action for taking for public and private uses can be brought. This district court is bound to follow that mandate. The [Plaintiffs] have discussed this issue in full here to preserve the issue for review."

After a careful review of the pleadings, the Report & Recommendation, and Plaintiffs' Objection, the Court concurs with the analysis of the Magistrate Judge that Plaintiffs' Fifth Amendment takings claim is not ripe for federal adjudication. Accordingly, the Court now adopts the Report & Recommendation with respect to Plaintiffs' takings claim.

**Fourth Amendment Claim**

Plaintiffs allege the conduct of Defendant Narczewski, in agreeing with Defendant Mautino to suspend enforcement of the liquor ordinances and building code provisions, deprived Plaintiffs of their property rights, which resulted in an

2

unreasonable seizure under the Fourth Amendment. In the Report & Recommendation, the Magistrate Judge held that the Fourth Amendment claim should remain in the Complaint for further clarification of the applicable law and development of the factual record. Neither party filed an objection to this recommendation. The Court finds support for the Magistrate Judge's recommendation and therefore, adopts its conclusion.

**Equal Protection under the Fourteenth Amendment**

Plaintiffs allege the conduct of Defendant Narczewski, in agreeing with Defendant Mautino to suspend enforcement of the liquor ordinances and building code provisions, deprived the Plaintiffs of equal protection of the laws because the building code and liquor ordinances were suspended in favor of Defendant Mautino and enforced against the Plaintiffs and others in an arbitrary manner, despite being similarly situated. The Magistrate Judge found that Plaintiffs made it clear that they are pursuing an equal protection claim based on a class of one theory and recommended that this claim remain for further development. Neither party filed an objection to this recommendation. The Court finds support for the Magistrate Judge's recommendation and therefore, adopts its conclusion.

**Substantive Due Process Claim.**

Plaintiffs allege that the destruction of their building was "arbitrary governmental conduct that violates the limits of substantive due process." After reviewing Seventh Circuit precedents, the Magistrate Judge concluded that the viability of a substantive due process claim based on the destruction to Plaintiffs' building seems remote, if not foreclosed. Nevertheless, the Magistrate Judge

3

found that it was not clear that Plaintiffs' substantive due process claim is based solely on property interests or solely on the Fourth Amendment and the determination of which constitutional theories of relief are viable, if any, is better made on a more developed record and briefing.  The Magistrate Judge recommended that the substantive due process claim remain.  Neither party filed an objection to this recommendation.  The Court finds support for the Magistrate Judge's recommendation and therefore, adopts its conclusion.

**Indemnification from the City under 745 ILCS 10/9-102**

Plaintiffs seek relief under Section 9-102 of the Illinois Local Governmental Tort Immunity Act. 745 ILCS 10/9-102 (2006).  The Magistrate Judge held that case law demonstrates that Plaintiffs can avail themselves of this statute. See *Copeland v. County of Macon,* 403 F.3d 929, 932 (7th Cir. 2005); *Carver v. Sheriff of LaSalle County, Illinois,* 324 F.3d 947 (7th Cir. 2003) (holding that county was a necessary party in seeking damages from elected officer in official capacity because county must indemnify under 745 ILCS 10/9-102 and other state statutes).  While not making any recommendation on the merits of this claim, the Magistrate Judge held Plaintiffs may pursue this claim.  Neither party filed an objection to this recommendation.  The Court finds support for the Magistrate Judge's recommendation and therefore, adopts its conclusion.

**Supplemental Jurisdiction over state law claims against Widman and Mautino**

Plaintiffs allege that the conduct of Defendants Widman and Mautino, "was a willful and wanton or negligent destruction of property" for which they are

4

liable under state law. The Magistrate Judge concluded that these state law claims arise from many of the same set of facts as the federal claim and are connected enough to supply supplemental jurisdiction. Neither party filed an objection to this recommendation. The Court finds support for the Magistrate's recommendation and therefore, adopts its conclusion. Therefore, the Court DENIES Defendant Widman's Motion to Dismiss [#21][1]

**Supplemental Jurisdiction over Auto-Owners Insurance Company**

Plaintiffs' Amended Complaint added Auto-Owners Insurance Company as a defendant to pursue a breach of contract claim. According to the allegations, Auto-Owners refused to pay $48,278 due under its policy of insurance for Plaintiffs' loss resulting from the damaged building. The Magistrate Judge concluded that the breach of contract claim did not derive from a common nucleus of operative fact and therefore, found no supplemental jurisdiction over this claim.

In its Objection, Plaintiffs state: "The [Plaintiffs] make no objection to the September 3, 2008 Report, recommending dismissal of Auto-Owner's for lack of subject matter jurisdiction." On September 25, 2008, Auto-Owners moved for dismissal based on lack of subject matter jurisdiction and the Court granted this Motion [#36]. After reviewing the pleadings, the Court finds support for the Magistrate Judge's recommendation and therefore, adopts its conclusion. Therefore, the Court grants Auto-Owners' Motion to Dismiss [#30] in its entirety.

---

[1] Defendant Mautino did not file a Motion to Dismiss.

**Conclusion**

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Defendants City of Spring Valley's and Narczweski's Motion to Dismiss [#12, 20], DENIES Defendant Widman's Motion to Dismiss [#21], and GRANTS Defendant Auto-Owners' Motion to Dismiss [#30]. The Court further adopts the Magistrate Judge's recommendation that the case proceed on the original Complaint [#1], as the claim against Auto-Owners in the Amended Complaint [#19] has been dismissed.

ENTERED this 29th day of September, 2008.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge