UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIA ALFANO and FRANK ALFANO, Husband and Wife, ) ) ) Plaintiffs, ) ) v. ) ) CITY OF SPRING VALLEY, ILLINOIS, ) an Illinois Local Governmental Entity, ) JAMES NARCZEWSKI, Mayor of the ) City of Spring Bay in His Individual ) Capacity, LENA MAUTINO, Individually ) and JOHN R. WIDMAN d/b/a ) Widman Excavating, Individually, ) ) Defendants. ) | Case No. 07-1297 |

## ORDER

Now before the Court is Defendants City of Spring Valley, Illinois's ("Spring Valley"), and James Narczewski's ("Narczewski") (collectively "Defendants") Request for Clarification of, and Motion to Reconsider, Order Regarding Defendants' Motion for Summary Judgment. For the reasons set forth below, Defendants' Motion to Reconsider [#74] is GRANTED.

## BACKGROUND

On February 25th, 2010, this Court entered an Order granting in part and denying in part Spring Valley's and Narczewski's Motion for Summary Judgment. Defendants' Motion for Summary Judgment was granted with respect to the Alfanos' Section 1983 "class of one" Equal Protection claim. Defendants' Motion was denied with respect to the Alfanos' Section 1983 claim for Fourth Amendment unreasonable seizure and state law claims based upon respondeat superior and Section 9-102 of the Illinois Local Governmental Tort Immunity Act. In regard to

the Alfanos' Section 1983 claim for Fourth Amendment seizure, the Court found that there was a material issue as to whether Narzcewski effectively directed or encouraged Lene Mautino's demolition actions, making her demolition activity under color of state law for purposes of Section 1983. The Court further explained that the Alfanos' Section 1983 claim must fail unless they could additionally show that Narczewski continued to encourage Mautino's demolition, knowing that damage to Alfanos' building could result. The Court found there was a genuine issue of material fact as to whether there was an agreement between Narczewski and Mautino which caused the deprivation of the Alfanos' Fourth Amendment guaranty against unreasonable seizures.

## DISCUSSION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). It is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. *Id.* at 1270.

Defendants first seek clarification on the issue of whether compliance or non-compliance with the demolition permit ordinance had a causal connection to the Alfanos' building damage. As Defendants correctly point out, the Alfanos did concede that nothing in the demolition ordinance would have prevented the destruction of their building by Mautino's excavating contractor. The Court did not then state that Defendants' failure to follow the demolition ordinance somehow created a question of material fact as to whether that failure was causally connected to the Alfanos' building damage. No material fact remains regarding whether

compliance or non-compliance with the demolition permit ordinance has a causal connection to the Alfanos' building damage. There is a material question of fact as to whether Mautino's demolition activity was activity under color of state law. Narczewski's alleged continual encouragement of Mautino's demolition activity without a permit, and his alleged disregard of the demolition ordinance, is relevant to the material question of whether Mautino acted at Narczewski's behest.

The Court explained that Defendants did not address whether the Alfanos' Fourth Amendment rights were violated, which meant that they conceded there was a material issue of fact requiring resolution at trial. Indeed, Defendants' argued that summary judgment should be granted on "all of Plaintiff's Section 1983 claims premised on the alleged agreement." To the extent that they argue that "[o]bviously, Plaintiffs' Fourth Amendment claim is included in all of Plaintiffs' 1983 claims," it was not so obvious where Defendants specifically took issue with the Alfanos' Section 1983 Fourteenth Amendment due process and "class of one" equal protection claims, did not do so in regard to the Alfanos' Section 1983 Fourth Amendment seizure claim, and otherwise summarily stated that there was no agreement to deprive Plaintiffs of their constitutional rights. Nevertheless, the Court did address all of Defendants' arguments presented in their Motion for Summary Judgment, and found there to be additional material issues precluding summary judgment in favor of Defendants.

At Defendants' urging, the Court has reconsidered the specific issue of whether Narczewski and Mautino had "an understanding to deprive" the Alfanos of their property. To the extent that the Alfanos argue Defendants are liable under Section 1983 based upon a conspiracy theory, they must show that there was an understanding to deprive the Alfanos of

3

their constitutional rights. *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003); *Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000) (citing *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)). In both their Motion for Summary Judgment and Motion to Reconsider, Defendants do little more than state, in a conclusory manner, that there was no agreement to deprive the Alfanos of their constitutional rights. Though Defendants do not cite to any cases explaining what suffices as "an understanding to deprive," the Court has found an especially helpful case.

In *Hanania v. Loren-Maltese*, the Seventh Circuit considered whether the defendant, under color of state law, conspired with others to deprive the plaintiff of her constitutional rights. 212 F.3d at 356 (7th Cir. 2000). When the town's board of trustees fired the plaintiff shortly before her term ended, the plaintiff had her lawyer negotiate a settlement between her and the town. *Id.* at 355. The plaintiff then filed a Section 1983 suit against her lawyer, claiming that he was in cahoots with town officials when he convinced her to enter a settlement not in her interests. *Id*. The settlement agreement included that the plaintiff would drop her state case regarding the town's corruption, and her lawyer would get hired for the town's legal work in the future. Considering whether the lawyer negotiated a settlement agreement with the town that amounted to an understanding to deprive the plaintiff of her constitutional rights, the *Hanania* court stated:

> Sharing the goal of having [Plaintiff] abort her state case does not necessarily translate, however, into a mutual goal of trampling upon [Plaintiff's] constitutional rights. It is true that participants need not share the same motives to share the same general conspiratorial objective . . . Whether characterized as motive or objective, however, the most that can be said about the allegations is that [Plaintiff's lawyer's] actions do not appear to go beyond greed.

*Id.* at 357 (internal citations omitted). The *Hanania* court explained that even when viewing the

plaintiff's allegations in her favor, which provided that the settlement was a means to her lawyer's pecuniary ends, those allegations failed to demonstrate a desire by her lawyer to "snatch away" her constitutional rights. *Id.*

Here, the Alfanos do not point to anywhere in the record that would suggest that Mautino had the motive or objective to demolish her building for any reason other than her interest in increasing her restaurant business. Furthermore, they do not point to anything in the record that would suggest Narczewski and Spring Valley encouraged her to demolish her building in order to strip the Alfanos of their Fourth Amendment rights. Instead, the Alfanos allege that Narczewski approached Mautino with the idea of tearing down her building in order to have the space available for carnival festivities and as a way to beautify Spring Valley. Plf's Response to MSJ, p. 17, ¶ 50. As in *Hanania*, the Alfanos' allegations suggest, at most, that Mautino and Narczewski shared the goal of benefitting, each in their own way, from Mautino's demolition. The record simply does not suggest that Mautino and Narczewski shared the goal of trampling the Alfanos' constitutional rights. *See Hanania*, 212 F.3d at 357. Because there is no genuine issue of material fact as to whether Mautino and Defendants reached an understanding to deprive the Alfanos of their Fourth Amendment rights, the Alfanos cannot establish Defendants' Section 1983 liability based upon an alleged conspiracy between Mautino and Narczewski.

To the extent that the Alfanos no longer allege Defendants are liable under Section 1983 based upon a conspiracy theory, but instead rely upon the allegations that Narczewski's alleged deliberate indifference was the proximate cause of their building damage, their Section 1983 Fourth Amendment unreasonable seizure claim must fail. The Court considered Narczewski's alleged continual encouragement and disregard of the demolition ordinance, which then

5

allegedly caused Mautino to proceed with the demolition of her building, in the context of a conspiracy theory between Mautino and Narczewski. In the Alfanos' Response to Defendants' Motion to Reconsider, they've clarified that their argument for Defendants' liability is that Narczewski's deliberate indifference - his continual encouragement even though he knew of the risk of damage to the Alfanos' building - was the proximate cause of the Alfanos' building damage. They apparently do not continue to rely upon their original conspiracy theory of liability. The problem with abandoning that theory is that the demolition activity cannot then be said to have been done under color of state law.

Clearly, plaintiffs can succeed on their Section 1983 claim only if they can establish that the defendants acted under color of state law when they violated plaintiffs' constitutional rights. 42 U.S.C. § 1983. The record shows that John R. Widman d/b/a Widman Excavating did the demolition after he was hired by Mautino to do so. In her deposition, Mautino stated that she contacted Widman to set up the demolition, and neither Narczewski nor Spring Valley's alderman directed Widman in how to proceed with the demolition. Dft's MSJ Exh. H, pp. 8, 16. Frank Alfano, in his deposition, stated that he had no understanding of whether Narczewski had anything to do with hiring Widman as the demolition contractor, and knew nothing about whether Narczewski directed Widman to do anything regarding the demolition. Dft's MSJ Exh. B1, p. 43. Considering this evidence alone, without considering Narczewski's involvement prior to the demolition, it fails to create a genuine issue as to whether Mautino's demolition activity was done under color of state law.

At most, it can be said that Narczewski's alleged continual encouragement of the demolition activity caused Mautino to proceed with her demolition. But to the extent that the

Alfanos have abandoned their conspiracy theory of liability, the demolition activity was not done under color of state law, but rather by a private person. Thus, the Alfanos' remaining Section 1983 claim must fail. *See Pepper v. Village of Oak Park*, 430 F.3d 805, 811 (7th Cir. 2005) (plaintiff's Section 1983 claim based upon Fourth Amendment failed where husband's private seizure could not be considered public seizure because no evidence of conspiracy between police officer and husband); *Soldal v. Cook County*, 942 F.2d 1073, 1075 (7th Cir. 1991), *rev'd on other grounds*, 506 U.S. 56, 61 (1992) (sufficient evidence of conspiracy between private parties and deputy sheriffs to make private parties' forcible removal of plaintiff's trailer home action under color of state law).

The Alfanos' argument that Narczewski's alleged continual encouragement of the demolition activity was the proximate cause of their building damage could survive summary judgment only if the activity was attributable to Defendants. In its previous Order, the Court held, "There is a genuine issue of material fact as to whether there was an agreement between Narczewski and Mautino which caused the deprivation of the Alfanos' Fourth Amendment Guaranty against unreasonable seizures." Without an agreement, Mautino's demolition activity was not done under color of state law. As discussed above, the Alfanos cannot establish that Mautino and Narczewski entered into an understanding to deprive the Alfanos of their Fourth Amendment rights, and so their conspiracy theory of liability fails. The Alfanos distort proximate cause, deliberate indifference, and Section 1983 principles in order to state a Section 1983 claim for Fourth Amendment unreasonable seizure. Those distortions do not suffice to survive Defendants' Motion for Summary Judgment on the Alfanos' Section 1983 claim for Fourth Amendment unreasonable seizure. Therefore, Defendants' Motion to Reconsider must be

granted.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Reconsider [#74] is GRANTED, and Motion for Summary Judgment [#64] is GRANTED with respect to the Alfanos' Section 1983 claim for Fourth Amendment unreasonable seizure. As a result, the Alfanos' remaining state claims are DISMISSED as the Court declines to exercise supplemental jurisdiction over them pursuant 28 U.S.C. §1367. Because the Alfanos represented in their Response to Defendants' Motion for Summary Judgment that Lena Mautino is uninsured and will be dismissed by Plaintiffs, they are directed to file a Notice of Dismissal within seven days of the date of this Order.

ENTERED this 12th day of April, 2010.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge