## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIA ALFANO and FRANK ALFANO, ) | |
| Husband and Wife, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 07-1297 |
| ) | |
| CITY OF SPRING VALLEY, ILLINOIS, ) | |
| an Illinois Local Governmental Entity, ) | |
| JAMES NARCZEWSKI, Mayor of the ) | |
| City of Spring Bay in His Individual ) | |
| Capacity, LENA MAUTINO, Individually ) | |
| and JOHN R. WIDMAN d/b/a ) | |
| Widman Excavating, Individually, ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

Now before the Court is Plaintiffs Maria Alfano's and Frank Alfano's (collectively "Plaintiffs") Motion to Alter April 12, 2010 Order. For the reasons set forth below, Plaintiffs' Motion [#77], construed as a Motion to Reconsider, is DENIED.

### BACKGROUND

On February 25th, 2010, this Court entered an Order granting in part and denying in part Spring Valley's and Narczewski's Motion for Summary Judgment. Defendants' Motion for Summary Judgment was granted with respect to the Alfanos' Section 1983 "class of one" Equal Protection claim. Defendants' Motion was denied with respect to the Alfanos' Section 1983 claim for Fourth Amendment unreasonable seizure and state law claims based upon respondeat superior and Section 9-102 of the Illinois Local Governmental Tort Immunity Act. In regard to the Alfanos' Section 1983 claim for Fourth Amendment seizure, the Court found that there was a

material issue as to whether Narzcewski effectively directed or encouraged Lene Mautino's demolition actions, making her demolition activity under color of state law for purposes of Section 1983. The Court further explained that the Alfanos' Section 1983 claim must fail unless they could additionally show that Narczewski continued to encourage Mautino's demolition, knowing that damage to Alfanos' building could result. The Court found there was a genuine issue of material fact as to whether there was an agreement between Narczewski and Mautino which caused the deprivation of the Alfanos' Fourth Amendment guaranty against unreasonable seizures.

On March 5, 2010, Defendants Spring Valley and James Narczewski (collectively "Defendants") filed a Request for Clarification of, and Motion to Reconsider, Order Regarding Defendants' Motion for Summary Judgment. The Court granted Defendants' Motion to Reconsider, holding that Plaintiffs could not establish a genuine issue of material fact on an essential element of their conspiracy claim, and could not succeed on an apparently alternative non-conspiracy theory of liability. Plaintiffs then filed the instant Motion to Alter the April 12, 2010 Order.

## DISCUSSION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). It is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. *Id.* at 1270.

In Plaintiffs' instant motion, they quibble over what the parties' burdens were on the Motion for Summary Judgment, as well as the Motion for Reconsideration.  Plaintiffs argue that they discussed the conspiracy theory of liability in their Response to Defendants' Motion for Summary Judgment, that they had no obligation to re-litigate the conspiracy theory of liability in their response to Defendants' Motion to Reconsider, and so they did not abandon that theory.  However, Plaintiffs' arguments in response to Defendants' Motion to Reconsider suggested they had abandoned their conspiracy theory.  Even if they did not do so, they still cannot prevail because the conspiracy claim is not viable, as the Court determined in its April 12, 2010, ruling on Defendants' Motion to Reconsider.  Next, Plaintiffs similarly argue that the burden was initially on Defendants, at the summary judgment stage, to negate the existence of a triable issue of fact on the existence of a conspiracy.  Plaintiffs contend that Defendants failed to do so in both their summary judgment motion and motion to reconsider.

While Defendants may have technically been raising arguments in their Motion to Reconsider that were not fully fleshed out in their Motion for Summary Judgment, the Court cannot fault them for doing so.  Plaintiffs' positions at summary judgment were far from clear, and the issue identified on reconsideration was not clearly addressed by either party previously, leaving the Court with the mistaken impression that it was not at issue.  Furthermore, the Court has an obligation to prevent cases from going to trial where no valid issues remain to be resolved, and could reconsider its prior ruling sua sponte if necessary in the interests of justice, to prevent a case that lacks merit from proceeding to trial.  Had the briefing on summary judgment been more focused and less opaquely argued, the resulting confusion and need for clarification could have been avoided.

Plaintiffs additionally argue that Defendants' legal argument is flawed in regard to the conspiracy theory. Plaintiffs contend Defendants are wrong to argue that a plaintiff must establish that there was an understanding to deprive the plaintiffs of their constitutional rights. However, Seventh Circuit case law is clear that to establish Section 1983 liability based upon a conspiracy theory, a plaintiff must show: 1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and 2) those individual(s) were "willful participants in joint activity with the State or its agents." *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003); *Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006); *Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000). The cases cited by both the Court and Defendant are more instructive to this case than are those cited by Plaintiffs. The more instructive cases support the Court's April 12, 2010 ruling. In *Cunningham v. Southlake Center for Mental Health, Inc.*, the Seventh Circuit discussed joint action for purposes of Section 1983 liability, and explained that "A requirement of the joint action charge therefore is that both public and private actors share a common, unconstitutional goal." 924 F.2d 106, 107-08 (7th Cir. 1991) (discussing *Dennis v. Sparks*, 449 U.S. 24 (1980)). The *Cunningham* court further held that the plaintiff "must prove that each of the joint actors was in some part motivated by [an] unconstitutional purpose." 924 F.2d at 108.

Here, the record does not suggest that Narczewski and Mautino shared an unconstitutional goal or were in some part motivated by an unconstitutional purpose. Instead, the record establishes that Mautino was motivated by an interest in the potential financial benefit to her business, and Narczewski was interested in improving the appearance of Spring Valley and drawing more people to downtown Spring Valley. Plaintiffs continue to argue that

Narczewski was the "moving factor" in Mautino's decision to demolish her own building.  But even if Narczewski was the moving factor, that does not equate to Defendants' Section 1983 liability based upon a conspiracy theory.

Plaintiffs' citation to various other cases, and Plaintiffs' discussion of the Sixth and Seventh Amendment guaranties of the common law right to trial by jury as a check on judicial power is simply an attempt by Plaintiffs to shift the focus from the dispositive issue in this case: whether Mautino and Narczewski conspired to deprive the Alfanos of their Fourth Amendment right against unreasonable seizure.  The Court found in its April 12, 2010, Order that there was no such conspiracy.  Ultimately, absent any conspiracy between Mautino and Narczewski, Plaintiffs' remaining claim is one for common law property damage.  Mautino and Widman were directly responsible for any alleged damage to the Plaintiffs' building.  Plaintiffs and Widman settled their dispute, and Plaintiffs voluntarily dismissed Mautino from the case.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Alter the Court's April 12, 2010, Order [#77] is DENIED.  This matter is now TERMINATED.

ENTERED this 26th day of April, 2010.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge